Kolgers *v.* Guardian Life Insurance Company.

that the damages were excessive. The evidence tended to prove a very severe injury, and one probably, in its character, permanent.

The order appealed from should be affirmed, with costs.

DANIELS and TALCOTT, JJ., concurred.

BARKER, J., did not participate in the decision; the cause having been tried before him.

Order affirmed.

[ERIE GENERAL TERM, February 14, 1870. *Marvin, Daniels* and *Talcott,* Justices.]

————•·•·•————

GERTRUDE KOLGERS *vs.* THE GUARDIAN LIFE INSURANCE COMPANY.

After a life insurance policy has become forfeited, by its terms, by the non-payment of premiums, in an action thereon it is incumbent upon the plaintiff to show a receipt of the premium, by some one authorized to receive it, after forfeiture; or to show a ratification of an unauthorized receipt, by the company, by an acceptance of the money with knowledge of the facts, or in some other way.

The fact that a clerk of the insurers had power to bind them by receiving money upon policies, is no evidence of his authority to waive a forfeiture by receiving the premium after a policy has ceased to exist, by reason of nonpayment; especially where it appears that such clerk had always had strict orders to collect no premiums on forfeited policies; and that the company has never received the premiums so collected by him after forfeiture.

In an action upon a policy, the charter and by-laws of the company are admissible in evidence, to show who was authorized to remit forfeitures.

APPEAL, by the defendant, from a judgment entered upon the verdict of jury.

The action was brought to recover upon a life insurance policy of $4000, issued by the defendant, upon the joint lives of Albert Kolgers and Gertrude Kolgers, his wife

(the plaintiff,) payable, on the decease of either, to the survivor.

It appeared in evidence, on the trial, that after the husband had neglected to pay two quarterly premiums, his wife went to the principal office of the company, 251 Broadway, New York, and asked if the premiums had been paid. A clerk named Holley, on examining the books, said the premiums had not been paid, and stated the amount. On her promising to call the next day and pay it, the clerk offered to come to her house to receive it; and he did so, giving the printed receipts of the company, in the usual form, stating the payment as binding the policy for the current quarter. The husband died soon afterwards.

It appeared from the evidence, that before his death the treasurer of the company ascertained that the premiums had been in default, and that the clerk, Holley, had collected them but had not accounted for them, to the company. It also appeared that Holley had been instructed *not* to receive premiums on forfeited policies, and had never before done so.

Holley, being called to account by the company, admitted that he had received these premiums; and the treasurer required him to make his usual report of the collection of the premiums, which report the treasurer received. This was but a short time before the death of the husband. Immediately after his death, the treasurer tendered to the plaintiff repayment of the premium, on the ground that the clerk had no right to receive it, as the time of the policy had expired, when it was paid. The plaintiff refused to receive the premium, and thereupon commenced this action.

On the trial, the court directed a verdict for the plaintiff for the amount of the policy.

————, for the appellant.

*Morris & Pearsall,* for the respondent.

Kolgers *v.* Guardian Life Insurance Company.

*By the Court,* J. F. BARNARD, P. J. At the time of the payment by the plaintiff to Holley, of the two quarterly premiums, the policy was forfeited, by its terms. It then became incumbent upon the plaintiff, in order to recover upon the policy, to show a receipt of the premium by some one authorized to receive it after forfeiture; or to show a ratification of an unauthorized receipt, by the company, by an acceptance of the money with knowledge of the facts, or in some other way. I think the case fails to show Holley's authority to receive the money after forfeiture. He was a clerk of the defendants, and had been an agent to receive applications for insurance, in New Jersey, which appointment had been revoked. He had been sent by a previous secretary to collect premiums, but always with strict orders to collect none on forfeited policies. Holley signed the receipt for the payment in question as agent for the then secretary. Neither Holley nor this secretary is produced as a witness. If the secretary had the power to waive the forfeiture, he is not proven to have done it. Holley had never done a like act. His power to bind the company, by receiving money on policies on life, would be no evidence of power to waive the forfeiture by receiving the premium after the policy had ceased to exist by reason of nonpayment. The company had never received the premium collected by Holley.

I am unable to distinguish this case, in principle, from an unreported case in this district—*Taylor* v. *British Commercial Life Insurance Company.* In that case the policy was upon the life of one E. P. Taylor. William Wilson was the agent to receive the premiums. He was instructed, if the premiums were not paid within thirty days, to return the receipt to the general agent in New York. The policy provided that it should be void if the premiums were not paid within thirty days after the same became due. Taylor suffered default for over thirty days. About fifteen days after the policy became forfeited, the assured paid

Kolgers *v.* Guardian Life Insurance Company.

the premium to a clerk in the office of the agent, Wilson. Within a few days after this payment, the assured died. The company had never received the money. The clerk in the office of the agent had generally received the premiums for his father, the agent. The court held that William Wilson had no power to waive the forfeiture, or to bind the company by receiving the money, after default; that he was a special agent, and could not exceed his powers as such and bind his principal by his acts, although the assured knew nothing of his limited powers.

In that case the charter and by-laws were admitted in evidence. I think it was erroneous to exclude them in this case. If they did show who was authorized to remit forfeitures, they should have been received. From the testimony of the president of the defendants, I suppose they did.

The rejected evidence, or such parts of it as would show its pertinency, should properly have been presented by the case, so that this court could more satisfactorily determine this point.

I think the judgment, and the order denying a new trial, should be reversed, and a new trial granted; costs to abide the event.

Ordered accordingly.

[SECOND DEPARTMENT, GENERAL TERM, at Brooklyn, September 13, 1870. *J. F. Barnard,* P. J., and *Gilbert* and *Tappen,* Justices.]